UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DEVON FLETCHER,

                      Plaintiffs,

                 -against-

THE CITY OF NEW YORK, DET. CHRISTOPHER
SCHILLING, Tax Id. 926084,   Individually and in his
Official Capacity, DET. ANTHONY CARDINALE, Tax
Id. 900225, Individually and in his Official Capacity,
DET. ROBERSON JEUDY, Shield No. 6220,
Individually and in his Official Capacity, SGT. FITZ
GLEMALD, Shield No. 3224, Individually and in his
Official Capacity and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently
unknown),

                    Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**

**10 CV 5625**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff DEVON FLETCHER, by his attorneys, Cohen & Fitch LLP, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## **VENUE**

4.       Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## **JURY DEMAND**

5.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

6.       Plaintiff DEVON FLETCHER is an African American male, a citizen of the United States, and has been at all relevant times a resident of Kings County, State of New York.

7.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.       At all times hereinafter mentioned, the individually named defendants DET. SCHILLING, DET. CARDINALE, DET. JEUDY, SGT. GLEMALD, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about November 1, 2010, at approximately 9:41 p.m., plaintiff was lawfully exiting a store near the intersection of Pitkin Avenue and Logan Street in Kings County, State of New York.

14.     At the aforesaid time and place, a shabbily dressed man on a bicycle approached plaintiff and asked him for spare change.

15.     Plaintiff refused the stranger's request and, without so much as touching him, continued on his way.

16.     As plaintiff continued down the street, defendant officers grabbed him, handcuffed his arms tightly behind his back, placed him under arrest and charged him with Criminal Sale of a Controlled Substance.

17.     At no time on or about November 1, 2010 did plaintiff DEVON FLETCHER possess or sell any controlled substance of any kind.

18.     At no time on or about November 1, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed.

19.     Defendant officers immediately searched plaintiff and did not discover any evidence of criminal wrongdoing.

20.     Immediately thereafter, defendant officers tracked down and arrested the stranger who approached plaintiff, placed him under arrest, searched him, and again failed to recover any evidence of criminal wrongdoing.

21.     Nevertheless, defendants transported plaintiff to the 75th Precinct and subjected him to an invasive strip search.

22.     At no time on November 1, 2010 did defendants possess the particularized suspicion necessary to justify said invasive strip search.

23.     As a result of his unlawful arrest, plaintiff DEVON FLETCHER spent approximately eighteen (18) hours in police custody before he was released when the Kings County District Attorney's office declined to prosecute him.

24.     As a result of the foregoing, plaintiff DEVON FLETCHER sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

33.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     As a result of the forgoing plaintiff DEVON FLETCHER was subjected to an unreasonable and intrusive strip search which shocks the conscience in violation of his rights as

set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" as if the same were more fully set forth at length herein.

38.     Defendants arrested and incarcerated plaintiff DEVON FLETCHER in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.    arresting innocent persons wrongfully apprehended during buy-and-bust operations;

ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

iii. arresting individuals regardless of probable cause in order to inflate arrest statistics.

42. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DEVON FLETCHER.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by DEVON FLETCHER as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DEVON FLETCHER as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DEVON FLETCHER was incarcerated unlawfully for approximately eighteen (18) hours until the Kings County District Attorney's Office declined to prosecute charges against him.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DEVON FLETCHER.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DEVON FLETCHER's constitutional rights.

49. All of the foregoing acts by defendants deprived plaintiff DEVON FLETCHER of federally protected rights, including, but not limited to, the right:

      i. not to be deprived of liberty without due process of law;

      ii. to be free from seizure and arrest not based upon probable cause; and

      iii. to receive equal protection under the law.

50. As a result of the foregoing, plaintiff DEVON FLETCHER is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff DEVON FLETCHER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
December 23, 2010

BY:_____/S_____
JOSHUA P. FITCH (JF-2813)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115